NATILA M. KUKLA, Plaintiff-Appellant, v. FREDERICK T. KUKLA *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—88—2779

Opinion filed June 6, 1989.

Frana Biederman, of Frana Biederman, Ltd., of Chicago, for appellant.

D. Kendall Griffith, Thomas F. Ging, and Bruce L. Carmen, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellees.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff appeals from the dismissal with prejudice of her complaint against her spouse, whom she is divorcing, and his employer, alleging invasion of privacy and intentional infliction of emotional distress. We affirm.

Plaintiff filed a two-count complaint against her husband, Frederick T. Kukla, his employer Kukla Press, Inc., and Stanley Kukla,

Frederick's brother and an officer of Kukla Press, alleging that Frederick harassed her by repeatedly calling her on a car telephone furnished by his employer and by "coming to her house and acting in a threatening and intimidating manner." Count I of the complaint mixes allegations of invasion of privacy with an implied right of action arising out of the violation of an order entered as part of the dissolution of marriage action between plaintiff and Frederick, which provided that plaintiff and Frederick are "mutually restrained from annoying and harassing each other in any way and more specifically, from telephoning the other, except that *** [Frederick] may telephone the marital home for the sole purpose of speaking with his children." Count II is premised upon intentional infliction of emotional distress.

In response to the complaint, defendants filed a motion to dismiss, pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), contending that the domestic relations division of the circuit court of Cook County retained jurisdiction over alleged violations of orders it has entered. A hearing on the motion was scheduled for July 28, 1988, and, on that date, counsel for defendants informed the trial judge that he had agreed to plaintiff's request that the motion be continued for 30 days, to allow her time to file a response. The judge answered as follows:

"What we do on 615 motions is, all motion judges try to see whether any briefs are necessary. I would like to know arguably what the defense is particularly to Count I. So I want you to pick a date that is convenient for you *** for status only and ask opposing counsel to come in with you and just tell me, 'arguably' what his defense is.
*  *  *
I just like to know if it is necessary to have briefs."

The trial judge held a hearing on the motion on August 5, 1988, during which he denied plaintiff leave to file a written response and dismissed the complaint with prejudice. Plaintiff appeals that order as it applies to Frederick and Kukla Press, but not as to Stanley.

Plaintiff argues that she has a cause of action for Frederick's violation of a restraining order entered by the domestic relations division because a recent amendment to the rights of married women act provides that "[a] husband or wife may sue the other for a tort committed during the marriage." (Ill. Rev. Stat. 1987, ch. 40, par. 1001.) In dismissing the complaint, the trial court stated:

"I would have to sustain the motion to dismiss this for the simple reason that those statutes that you pose have abso-

lutely nothing to do with, as far as I am concerned, with allegations of a complaint that really seeks a remedy that belongs in the court of domestic relations. All these allegations are strictly those of harassment, of non-compliance with the court orders in the court of domestic relations and alleged physical and mental anguish and—physical injury and mental anguish as a result thereof. If we were to rule otherwise, we'd open up the floodgates to the law division to everyone who has a domestic relations matter to come into this court for compensatory damages based upon non-compliance with court orders in the court of domestic relations. And obviously, that can't be done at all."

In response to plaintiff's counsel's request for leave to "prepare something in writing," the trial judge replied, "It's not necessary."

It appears that plaintiff is also claiming that the trial court erred in not allowing her to file an amended pleading, and she seeks leave to do so in her notice of appeal; however, the trial court did not prohibit her from filing such a pleading, as is evidenced by the following colloquy:

"MS. BIEDERMAN: Well, your Honor, to protect my client's rights, is your ruling that if there were no divorce action, that we would have a cause of action?

THE COURT: I am not saying anything other than there is no cause of action in this suit, period. That's all I can—

MS. BIEDERMAN: And if I want to take an appeal and if I decide that I needed to plead additional matters so that it was complete for review by the Appellate Court, are you saying that I have no right to—

THE COURT: To amend you mean?

MS. BIEDERMAN: To amend, yes.

THE COURT: Oh, no. Just a minute now. Obviously, you always have a right to come in, as anyone does, to vacate a final order. This is a final order, number one.

Number two, it's appealable because there are no other parties, so 304(a) is not involved. You can always come in on a motion to vacate any final order within 30 days.

The cases hold that in order to vacate a final order that dismisses an action as opposed to striking, you must tender a new pleading at the time. There are many cases on that. So you are protected in that regard. Anything else?

MS. BIEDERMAN: No. As I said, I have no leave to refile. Is that the language your Honor wants put in?

THE COURT: It's superfluous. It's—for the record, so you know, it's superfluous. You don't need all that language."

The order appealed from provides that "plaintiff's complaint is dismissed with no leave to refile." Plaintiff asserts that the trial judge's comments "demonstrated that paying a fee to vacate and filing an amended complaint would be hopeless."

■■ ■ We agree with defendants that the amendment to the rights of married women act (Ill. Rev. Stat. 1987, ch. 40, par. 1001) did not expand tort liability between husband and wife, but merely abolished the defense of the interspousal tort immunity. Moreover, as defendants assert, the trial court's ruling was not that one spouse cannot sue another, merely that when the conduct underlying the tort action has been regulated by a previous order of the domestic relations court, that court retains jurisdiction to fashion relief for a violation of its order. Defendants also correctly maintain that the contumacious violation of an injunction does not give rise to damages to the party offended by the violation, citing *Eberle v. Greene* (1966), 71 Ill. App. 2d 85, 217 N.E.2d 6. In that case, plaintiff brought a contempt proceeding, alleging that defendant had failed to comply with an injunction requiring him to restore land along a fence dividing the parties' property. On appeal, defendant argued that the trial court erred in awarding plaintiff damages. The court agreed, stating:

"The enforcement of a court's decree by civil contempt is not the enforcement of a private right but rather the process of the court to secure obedience to its decrees, the benefit to the party invoking the aid of the court being merely incidental. *** The established rule in Illinois is that the court may imprison or fine for contempt of its orders but is without authority to recompense [p]laintiff for his damages." (71 Ill. App. 2d at 93.)

Defendants further claim that the order which Frederick allegedly violated is in the nature of an injunction and that plaintiff is attempting to avoid "the simple, obvious remedy of a rule to show cause for an alleged violation of a restraining order."

■■ The basis of plaintiff's complaint is Frederick's alleged violation of a restraining order, entered during their divorce action, which was ongoing, indeed was "in the middle of *** trial," at the time plaintiff filed the instant action. For reasons best known to plaintiff, she chose not to seek relief in the domestic relations division, the court which issued the restraining order and had jurisdiction to enforce it, but instead filed a tort action in the law division of the circuit court. Such forum shopping cannot be countenanced. The trial

judge properly ruled that plaintiff's complaint "belongs in the court of domestic relations."

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BILANDIC, P.J., and HARTMAN, J., concur.